**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COLLABO INNOVATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 16-197-SLR |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| OMNIVISION TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT OMNIVISION TECHNOLOGIES, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

OF COUNSEL:

Edward G. Poplawski
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Tel: (323) 210-2901

James C. Yoon
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300

Jennifer J. Schmidt
Madeleine E. Greene
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Tel: (415) 947-2000

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant OmniVision Technologies, Inc.*

Dated: July 18, 2016
1229304 / 43319

# TABLE OF CONTENTS

**Page**

A. Collabo Ignores And Misrepresents Relevant Legal Precedent Regarding Post-Filing Knowledge. .......... 1

B. The Allegations In The Amended Complaint Are Not Limited To Post-Filing Conduct On Their Face. .......... 3

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apeldyn Corp. v. Sony Corp.*,
852 F. Supp. 2d 568 (D. Del. 2012)........2

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
802 F. Supp. 2d 527 (D. Del. 2011)........2

*Execware, LLC v. Staples, Inc.*,
C.A. No. 11-836-LPS, 2012 WL 6138340 (D. Del. Dec. 10, 2012),
*report and recommendation adopted*, C.A. No. 11-836-LPS,
2013 WL 171906 (D. Del. Jan. 16, 2013)........1

*Telecomm Innovations, LLC v. Ricoh Co., Ltd.*,
966 F. Supp. 2d 390 (D. Del. 2013)........2

*Walker Digital, LLC v. Facebook, Inc.*,
852 F. Supp. 2d 559 (D. Del. 2012)........1, 2, 4

*Xpoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010)........2, 4

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff Collabo Innovations, Inc. | Plaintiff or Collabo |
| Defendant OmniVision Technologies, Inc. | OmniVision |
| Plaintiff's Original Complaint (D.I. 1) | Original Complaint |
| Plaintiff's First Amended Complaint (D.I. 14) | Amended Complaint |
| Opening Brief in Support of Defendant OmniVision Technologies, Inc.'s Motion To Dismiss Plaintiff's Claims For Indirect Infringement Pursuant To Federal Rule Of Civil Procedure 12(B)(6) (D.I. 20) | Brief or Br. |
| Plaintiff's Response to Defendant's Motion to Dismiss (D.I. 21) | Opposition or Opp. |
| U.S. Patent Nos. 7,411,180; 8,592,880; 7,944,493; 7,728,895; and 8,004,026, collectively | the asserted patents |

In its Opposition, Collabo picks and chooses the case law it presents to the Court regarding post-filing knowledge, avoiding the body of law that undermines its broad allegations and ignoring the limitations required by those cases on which it does rely. In contrast, OmniVision presents the split of authority within this District and requests this Court act accordingly. In its Opposition, Collabo also states for the first time that its claims of indirect infringement are limited to post-filing conduct. Notwithstanding this *post hoc* interpretation of its infringement allegations, the Amended Complaint accuses OmniVision of indirect infringement without temporal limitation while alleging only post-filing knowledge. As such, OmniVision respectfully requests that the Court either dismiss all claims for induced and contributory infringement pursuant to one line of cases in this District or limit all claims for induced and contributory infringement to post-filing conduct.

### A. Collabo Ignores And Misrepresents Relevant Legal Precedent Regarding Post-Filing Knowledge.

It is undisputed that the allegations in the Amended Complaint are sufficient to establish knowledge of the asserted patents only as of the filing date of the Original Complaint. *See* Br. at 6, Opp. at 3. It is also undisputed that such post-filing knowledge is insufficient to support claims for pre-filing induced and contributory infringement. *See* Opp. at 4. Thus, the only issue that remains in dispute is whether or not Collabo's allegations of post-filing knowledge of the asserted patents are sufficient to support claims for post-filing induced and contributory infringement. This District is split on the issue. *See Execware, LLC v. Staples, Inc.*, C.A. No. 11-836-LPS, 2012 WL 6138340, at *4 (D. Del. Dec. 10, 2012), *report and recommendation adopted*, C.A. No. 11-836-LPS, 2013 WL 171906 (D. Del. Jan. 16, 2013) ("The case law in this district is divided on the issue of whether pre-suit knowledge is required to sufficiently state a claim for indirect infringement."); *see also Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D.

Del. 2012) (acknowledging inconsistent holdings regarding pre-suit knowledge in support of indirect infringement claims).

In its Opening Brief, OmniVision acknowledges both lines of cases within this District that address the requirement of pre-suit knowledge in support of indirect infringement claims; some courts in this District, this Court included, have held that allegations of knowledge as of the date of the complaint are not sufficient to support any claims of indirect infringement, and some courts have held that such knowledge can support only post-filing indirect infringement claims. *See* Brief at 5, 6-7. Collabo's accusation that OmniVision fails to identify this Court's teachings related to knowledge is, therefore, blatantly untrue. *See* Opp. at 1. In fact, OmniVision cites to a number of decisions from this Court that squarely address the issue. *See* Br. at 4-7 (citing *Xpoint Techs., Inc., v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010); *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527 (D. Del. 2011); *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568 (D. Del. 2012); and *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 966 F. Supp. 2d 390 (D. Del. 2013)).

Rather, it is Collabo that selectively points to only one-half of this District's relevant authority on the matter. *See* Opp. at 1-2. In so doing, Collabo also misrepresents the authority to which it selectively points. While it is true that some courts in this District, this Court included, have found that allegations of knowledge as of the date of the complaint are sufficient to support claims of indirect infringement, those decisions also highlight an important limitation that Collabo ignores: such claims, and any resulting damages, *must* be limited to post-filing conduct. *See e.g.*, *Walker Dig., LLC*, 852 F. Supp. 2d at 565 (finding that where plaintiff asserts knowledge of patents-in-suit at time of complaint, causes of action for indirect infringement are limited to post-

litigation conduct). Thus, under either line of cases, Collabo's allegations of indirect infringement must be narrowed or eliminated.

**B. The Allegations In The Amended Complaint Are Not Limited To Post-Filing Conduct On Their Face.**

For the first time in its Opposition, Collabo states that it "has not alleged pre-suit indirect infringement." Opp. at 1. But nowhere, including either the Original Complaint or the Amended Complaint, has Collabo previously clarified or so limited the temporal scope of its indirect infringement allegations. Collabo must, at a minimum, be held to this limitation it recently clarified. Instead of making the limitation to post-filing conduct clear on its face, Collabo's Amended Complaint broadly and repeatedly alleges that "Defendant has been and continues to" indirectly infringe the asserted patents. (D.I. 14 at ¶ 18); *see also id.* at ¶¶ 25, 32, 39, 41, 48, and 50. Therefore, far from a clear temporal limitation, Collabo's unbounded allegations on their face allege pre- and post-filing indirect infringement, and Collabo does not point to any rule of law requiring that pleadings be read "as a whole, and in context" or requiring defendants to piece together disparate pleadings to assume the bounds of the allegations made against them. *See* Opp. at 3. Collabo further incorrectly asserts that "the only logical reading of Plaintiff's First Amended Complaint is that OmniVision 'has been' indirectly infringing the patents-in-suit since it was put on notice by the Original Complaint." *Id*. But the subject allegations in the Amended Complaint are identical to those included in the Original Complaint, for which Collabo has no similar explanation. *See* D.I. 1 at ¶¶ 16, 22, 28, 34, 35, 41, and 42.

In sum, it is undisputed that Collabo's Amended Complaint pleads only post-filing knowledge. OmniVision therefore respectfully requests that this Court follow the precedent of a number of courts in this District—finding that such allegations of post-filing knowledge do not support a claim of either pre- or post-filing indirect infringement—and dismiss Collabo's claims

of induced and contributory infringement. *See Xpoint Techs.*, 730 F. Supp. 2d at 357. If this Court chooses not to dismiss the indirect infringement claims in their entirety, OmniVision respectfully requests that this Court follow the alternate precedent of a number of courts in this District—finding that allegations of post-filing knowledge will support only post-filing indirect infringement—and prohibit Collabo from claiming indirect infringement for any pre-filing conduct. *See Walker Dig., LLC*, 852 F. Supp. 2d at 565.

Respectfully submitted,


POTTER ANDERSON & CORROON LLP

By: */s/ Bindu A. Palapura*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant OmniVision Technologies, Inc.*

OF COUNSEL:

Edward G. Poplawski
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Tel: (323) 210-2901

James C. Yoon
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300

Jennifer J. Schmidt
Madeleine E. Greene
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Tel: (415) 947-2000


Dated: July 18, 2016
1229304 / 43319