IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COLLABO INNOVATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-197-SLR-SRF |
| | ) | |
| OMNIVISION TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

On March 29, 2016, plaintiff Collabo Innovations, Inc. ("Collabo" or "plaintiff") filed this action against defendant OmniVision Technologies, Inc. ("OmniVision" or "defendant"), alleging infringement of United States Patent Nos. 7,411,180 ("the '180 patent"), 8,592,880 ("the '880 patent"), 7,944,493 ("the '493 patent"), 7,728,895 ("the '895 patent"), and 8,004,026 ("the '026 patent") (collectively, the "patents-in-suit"). (D.I. 1) Pending before the court are OmniVision's motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a) (D.I. 8), and OmniVision's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 19). For the following reasons, I recommend that the court deny OmniVision's motion to transfer and grant-in-part OmniVision's motion to dismiss Collabo's claims for indirect infringement.

**II.  BACKGROUND**

Collabo is a Delaware corporation with its principal place of business in Costa Mesa, California. (D.I. 14 at ¶ 1) OmniVision is a Delaware corporation maintaining its principal place of business in Santa Clara, California. (*Id.* at ¶ 2) On August 12, 2008, the '180 patent, entitled "Solid state image sensor with transparent film on micro-lenses and offsetting positions

of micro-lenses and color filters from a central portion of a corresponding light receiving area," was issued by the U.S. Patent and Trademark Office ("PTO"). (*Id.* at ¶ 6) On November 26, 2013, the '880 patent, entitled "Solid-State Imaging Device," was issued by the PTO. (*Id.* at ¶ 7) The '493 patent, entitled "Solid-State Imaging Device with Specific Contact Arrangement," was issued by the PTO on May 17, 2011. (*Id.* at ¶ 8) On June 1, 2010, the PTO issued the '895 patent, entitled "Solid-state image sensing device having shared floating diffusion portions." (*Id.* at ¶ 9) The '026 patent, entitled "Solid-State Imaging Device," was issued by the PTO on August 23, 2011. (*Id.* at ¶ 10) Collabo is the sole owner by assignment of the patents-in-suit. (*Id.* at ¶¶ 6-10)

Collabo filed its original complaint against OmniVision in this case on March 29, 2016, alleging direct and indirect infringement of the patents-in-suit. (D.I. 1) On May 17, 2016, OmniVision filed a motion to dismiss Collabo's claims for indirect infringement. (D.I. 5) Collabo responded by filing an amended complaint on June 3, 2016, alleging direct and indirect infringement of the patents-in-suit. (D.I. 14) OmniVision filed the pending motion to dismiss the claims for indirect infringement set forth in the amended complaint on June 20, 2016. (D.I. 19) For each of the five asserted patents, Collabo makes identical allegations regarding induced and contributory infringement:

> Upon information and belief, Defendant has been and continues to actively and knowingly induce, with specific intent, infringement of the '180 patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '180 patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors, including, but not limited to, the OmniVision OV7740 Image Sensor, and related products and technologies, including, but not limited to, camera modules in products such as the Nintendo Wii U Gamepad Console.

(D.I. 14 at ¶ 18; *see also* ¶¶ 25 ['880 patent], 32 ['493 patent], 39, 41 ['895 patent], 48, 50 ['026 patent]). The amended complaint sets forth the following allegations regarding Collabo's knowledge of the patents-in-suit:

> Upon information and belief, the products containing these semiconductor devices have no substantial non-infringing uses, and Defendant had knowledge of the non-staple nature of the products containing these semiconductor devices and the '180 patent at least by the filing of the Original Complaint identifying the '180 patent and products accused of infringement.

(*Id.* at ¶ 19; *see also* ¶¶ 26 ['880 patent], 33 ['493 patent], 42 ['895 patent], 51 ['026 patent])

### III.    STANDARDS OF REVIEW

#### A.    Transfer of Venue

Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

Referring specifically to the analytical framework described in *Helicos*, the court starts with the premise that a defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the

movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879 (citation omitted).

The Third Circuit goes on to recognize that,

> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Id.* (citation omitted). The Court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

> The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

    **B.**    **Failure to State a Claim**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

When determining whether dismissal is appropriate, the court must take three steps.[1] *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must identify the elements of the claim. *Iqbal*, 556 U.S. at 675. Second, the court must identify and reject conclusory allegations. *Id.* at 678. Third, the court should assume the veracity of the well-pleaded factual allegations identified under the first prong of the analysis, and determine whether they are sufficiently alleged to state a claim for relief. *Id.*; *see also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The third prong presents a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Id.* at 663-64; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] Although *Iqbal* describes the analysis as a "two-pronged approach," the Supreme Court observed that it is often necessary to "begin by taking note of the elements a plaintiff must plead to state a claim." 556 U.S. at 675, 679. For this reason, the Third Circuit has adopted a three-pronged approach. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### IV. ANALYSIS

#### A. Transfer of Venue

With the "jurisdictional guideposts" described at § III.A, *supra*, in mind, the court turns to the "difficult issue of federal comity" presented by transfer motions. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir. 1988). Collabo has not challenged OmniVision's assertion that venue would also be proper in the Northern District of California. (D.I. 17) As such, the court does not further address the appropriateness of the proposed transferee forum.[2] *See* 28 U.S.C. § 1404(a).

Turning to the *Jumara* factors, the court notes that the parties do not dispute several of the public interest factors: (1) the enforceability of the judgment, (2) the relative administrative difficulty in the two fora resulting from court congestion, (3) the public policies of the fora, and (4) the familiarity of the trial judge with the applicable state law in diversity cases. (D.I. 9 at 16; D.I. 17 at 10) These factors are therefore neutral.

#### 1. Private Interests

##### (a) Plaintiff's forum preference

According to OmniVision, Collabo's forum preference should be given less weight in this case because Delaware is not Collabo's "home turf." (D.I. 9 at 7-8) In response, Collabo contends that its choice of forum should be afforded significant deference, particularly because both parties are incorporated in Delaware. (D.I. 17 at 2-3)

---

[2] The first step in the transfer analysis is to determine whether the movant has demonstrated that the action could have been brought in the proposed transferee venue in the first instance. *See Mallinckrodt, Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 329, 356 (D. Del. 2009). This issue is not disputed.

6

Plaintiffs have historically been accorded the privilege of choosing their preferred venue for pursuing their claims. *See C. R. Bard, Inc. v. Angiodynamics, Inc.*, C.A. No. 15-218-SLR, 2016 WL 153033, at *2–4 (D. Del. Jan. 12, 2016). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" *Shuttle v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal citation omitted). However, courts have recognized that "when a plaintiff chooses to bring an action in a district where it is not physically located, its forum preference is entitled to something less than the paramount consideration...." *Linex Techs., Inc. v. Hewlett-Packard Co.*, C.A. No. 11-400-GMS, 2013 WL 105323, at *3 (D. Del. Jan. 7, 2013).

In the present action, Collabo does not allege that it has facilities in Delaware. However, even where the chosen forum is not a "home forum," courts still give a plaintiff's preference "heightened" weight. *Linex*, 2013 WL 105323, at *3. "The deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate reason." *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, C.A. No. 01-199-SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) (internal citations omitted). A party's state of incorporation is a traditional and legitimate venue. *See Helicos*, 858 F. Supp. 2d at 371; *see also ChriMar Sys., Inc. v. Cisco Sys., Inc.*, C.A. No. 11-1050-GMS, 2013 WL 828220, at *4 (D. Del. Mar. 6, 2013) (citing *Schubert v. OSRAM AG*, C.A. No. 12-923-GMS, 2013 WL 587890, at *4 (D. Del. Feb. 14, 2013)); *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 482 (D. Del. 2011) (concluding that "when a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware."). Delaware is a legitimate forum, as both Collabo and OmniVision are incorporated in Delaware. *See FastVDO LLC v. Paramount Pictures Corp.*,

7

947 F. Supp. 2d 460, 462 (D. Del. 2013). This court does not generally elevate a defendant's choice of venue over that of a plaintiff, and "the fact that plaintiffs have historically been accorded the privilege of choosing their preferred venue for pursuing their claims remains a significant factor." *Id.* In light of the fact that Delaware is not Collabo's home turf, but is the state of incorporation of both parties, the court awards this factor "increased weight in the *Jumara* analysis but less than the 'substantial' or 'paramount' weight" it would be given had Collabo filed suit in its home forum. *ChriMar*, 2013 WL 828220, at *4. This factor weighs against transfer.

### (b) Defendant's forum preference

OmniVision contends that its preference to litigate in the Northern District of California weighs in favor of transfer because both parties' principal places of business are located in California, as are the witnesses, the likely third-party witnesses, and the relevant evidence. (D.I. 9 at 8-9) In response, Collabo alleges that OmniVision's preferred venue should be given less weight than Collabo's choice because Collabo selected a legitimate forum, and no unique or unexpected burden exists that would affect OmniVision's ability to litigate in Delaware. (D.I. 17 at 3-4)

Courts "decline to elevate [a defendant's] convenience over the choice of a neutral forum selected by [the defendant] as the situs of [its] incorporation." *Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 678 (D. Del. 2013) (citing *Cradle IP, LLC v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 699–700 (D. Del. 2013)). Given that convenience is separately considered in the transfer analysis, the court declines to elevate OmniVision's choice of venue over Collabo's preferred forum. *C.R. Bard*, 2016 WL 153033, at *2.

### (c) Where the claim arose

OmniVision asserts that the case should be transferred because the design, development, and marketing of the allegedly infringing products took place at OmniVision headquarters in the Northern District of California. (D.I. 9 at 10) According to OmniVision, the fact that its products are offered for sale nationwide or incorporated into products for use nationwide is of minimal relevance to the analysis. (*Id.*) Collabo responds that the acts giving rise to the present action occur nationwide, and the location where OmniVision designs and develops the accused products should be given little to no weight. (D.I. 17 at 4-5)

A claim for patent infringement arises wherever someone has committed acts of infringement, to wit, "makes, uses, offers to sell, or sells any patented invention" without authority. *See generally* 35 U.S.C. § 271(a); *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (an infringement claim "arises out of instances of making, using, or selling the patented invention"). Because OmniVision manufactures, sells, and uses its allegedly infringing products nationwide, the asserted patent claims may be said to arise in Delaware. *See C. R. Bard*, 2016 WL 153033, at *2–4 (finding that a patent claim arose in Delaware because the defendant sold products there); *Scientific Telecomm., LLC v. Adtran, Inc.*, C.A. No. 15-647-SLR, 2016 WL 1650760, at *1 (D. Del. Apr. 25, 2016) (holding that, despite ties to Alabama, the defendant operated on a global basis, and its incorporation in Delaware precluded arguments that the forum was inconvenient absent a showing of a unique or unexpected burden). This factor is neutral.

### (d) Convenience of the parties and witnesses

OmniVision contends that the convenience of the parties and the witnesses weighs strongly in favor of transfer because its employees are located in the Northern District of

California, and no witnesses are located in Delaware. (D.I. 9 at 11-12) OmniVision also indicates that numerous potential third-party witnesses are located throughout California and would only be subject to the trial subpoena power of the Northern District of California. (*Id.* at 12) In response, Collabo alleges that the convenience of the witnesses should be given little to no weight because it is only relevant to the extent that any particular witness is actually unable or unwilling to testify at trial, and OmniVision has made no such showing in the present matter. (D.I. 17 at 6-7)

In evaluating the convenience of the parties, a district court should focus on the parties' relative physical and financial condition. *See C. R. Bard*, 2016 WL 153033, at *3 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). When a party "accept[s] the benefits of incorporation under the laws of the State of Delaware, 'a company should not be successful in arguing that litigation' in Delaware is 'inconvenient,' 'absent some showing of a unique or unexpected burden.'" *Scientific Telecomm., LLC v. Adtran, Inc.*, C.A. No. 15-647-SLR, 2016 WL 1650760, at *1 (D. Del. Apr. 25, 2016) (quoting *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001)). OmniVision is a large Delaware corporation with resources to litigate in this district. *See Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 670 (D. Del. 2013) (denying a motion to transfer where the defendant was incorporated in Delaware and had the resources to litigate there); *Versata Software, Inc. v. Callidus Software Inc.*, 944 F. Supp. 2d 357, 361 (D. Del. 2013) (transfer not warranted where both parties had experience litigating in multiple jurisdictions). This factor weighs against transfer.

The relevant inquiry with respect to convenience of the witnesses is not whether witnesses are inconvenienced by litigation that matters, but rather, whether witnesses "actually may be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. The inconvenience of

travel does not demonstrate that witnesses would "actually be unavailable for trial," as required by *Jumara.* 55 F.3d 873, 879 (3d Cir. 1995). The court has previously found that

> travel expenses and inconveniences incurred for that purpose, by a Delaware defendant, [are] not overly burdensome. From a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live. There certainly is no obstacle to [a party] embracing this routine trial practice.

*Oracle Corp. v. epicRealm Licensing, LP*, No. Civ. 06-414-SLR, 2007 WL 901543, at *4 (D. Del. Mar. 26, 2007). Because OmniVision has not identified any witnesses who cannot appear in Delaware for trial, this factor is neutral.

### (e) Location of books and records

OmniVision alleges that transfer is warranted because the bulk of documents and records are located in the Northern District of California. (D.I. 9 at 13-14) In response, Collabo contends that documents are exchanged electronically, and this factor is therefore of little consequence. (D.I. 17 at 7-8)

The Third Circuit in *Jumara* advised that the location of books and records is only determinative if "the files c[an] not be produced in the alternative forum." 55 F.3d at 879. However, the Federal Circuit has explained that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Nevertheless, courts within the District of Delaware have repeatedly recognized that recent technological advances have reduced the weight of this factor. *See, e.g., Intellectual Ventures I LLC, v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 485 (D. Del. 2011); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998); *Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 372 (D. Del. 2009). Today, "virtually all businesses maintain their books and records in electronic format readily

11

available for review and use at any location." *C. R. Bard*, 2016 WL 153033, at *3; *see also Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, 114 F. Supp. 3d 187, 191 (D. Del. 2015).

OmniVision has not shown that relevant documents cannot be transported to Delaware. *See Cruise Control Techs. LLC v. Chrysler Group LLC*, C.A. No. 12-1755-GMS, 2014 WL 1304820, at *4 (D. Del. Mar. 31, 2014) (concluding that location of books and records is only relevant "where the Defendants show that there are books and records that cannot be transported or transmitted to Delaware."). Therefore, this factor is neutral.

### 2. Public Interests

#### (a) Practical considerations

In support of its motion to transfer, OmniVision contends that practical considerations weigh in favor of transfer to the Northern District of California because a trial in Delaware will be more expensive and difficult due to travel considerations and expenses, including costs of local counsel. (D.I. 9 at 14-15) In response, Collabo alleges that the Northern District of California would not be significantly more convenient or cost-effective, especially given the co-pending case against Sony Corporation in Delaware involving one of the patents-in-suit. (D.I. 17 at 8-9)

"In examining this *Jumara* factor, our Court has often cited the existence of related lawsuits in one of the fora at issue as being an important practical consideration to be taken into account." *Ross v. Institutional Longevity Assets LLC*, C.A. No. 12-102-LPS-CJB, 2013 WL 5299171, at *13 (D. Del. Sept. 20, 2013). Maintaining the present action together with the co-

12

Case 1:16-cv-00197-SLR-SRF   Document 39   Filed 01/25/17   Page 13 of 19 PageID #: 712

pending case filed by Collabo against Sony Corporation,[3] which involves an overlapping patent-in-suit, would best serve the interests of judicial economy. *See Good Tech. Corp. v. AirWatch, LLC*, C.A. No. 14-1092-LPS-CJB, 2015 WL 296501, at *10 (D. Del. Jan. 21, 2015) ("The fact that the Court is overseeing another case involving the same patent (a case likely to involve a number of issues common to this one) should be accounted for" in the transfer analysis). Although the added cost of local counsel could make litigation here more expensive than in the proposed transferee court, this added cost weighs only slightly in favor of transfer, and does not outweigh the benefits to be gained by maintaining the co-pending cases together. *See Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 444 (D. Del. 2015) (citing *IpVenture, Inc. v. Acer, Inc.*, 879 F. Supp. 2d 426, 433 (D. Del. 2012); *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 485 (D. Del. 2011); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 205-06 (D. Del. 1998)). Overall, this factor weighs slightly against transfer.

### (b) Local interest

OmniVision contends that the Northern District of California has a local interest in deciding the dispute because the work and reputation of individuals residing in the district are at stake. (D.I. 9 at 15-16) In response, Collabo alleges that patent litigation does not constitute a local interest. (D.I. 17 at 10)

"Local interest in deciding local controversies is not a dispositive factor, as patent litigation does not constitute a local controversy in most cases." *C. R. Bard*, 2016 WL 153033, at *4. Indeed, the claims may be said to arise in Delaware, among other states. *See* §

---

[3] *See Collabo Innovations, Inc. v. Sony Corporation et al.*, C.A. No. 15-1094-RGA (D. Del. Nov. 25, 2015).

IV(A)(1)(c), *supra*. Additionally, "patent litigation implicates constitutionally protected property rights, is governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature, and affects national (if not global) markets." *C. R. Bard*, 2016 WL 153033, at *4 (citing *Cradle IP v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 700–01 (D. Del. 2013)). Therefore, this factor is neutral.

### 3. Transfer Analysis Summary

OmniVision has not shown that the *Jumara* factors as a whole weigh strongly in favor transfer. Only OmniVision's forum preference weighs in favor of transfer, and that preference does not warrant maximum deference. On the other hand, the remaining factors are neutral or weigh in favor of Collabo. "Defendant has the burden of persuading the court that transfer is appropriate, not only for its convenience but in the interests of justice." *C. R. Bard*, 2016 WL 153033, at *4. In the present action, Collabo chose a legitimate forum because Delaware is the state of incorporation of both parties. *See id.* "Although Delaware is not the locus of any party's business activities, it is a neutral forum, and the action does not implicate the laws of another state. *Id.*; *see also Hologic, Inc. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-SLR, 2016 WL 789349, at *2 (D. Del. Feb. 29, 2016) (declining "to elevate the convenience of one party over another" where the action involved Delaware corporations and did not implicate the state laws of another jurisdiction).

The court recognizes that it may be more expensive and inconvenient for OmniVision to litigate in Delaware instead of California. However, under the circumstances, the court "decline[s] to elevate the convenience of one party over the other," as "discovery is a local event and trial is a limited event." *C. R. Bard*, 2016 WL 153033 at *4 n.6 (noting that "[d]iscovery is largely electronic, with depositions taking place where the deponents reside or work. Moreover,

most trials now are scheduled for less than seven days, and involve only a handful of live witnesses and a limited number of documents."); *Scientific Telecomm., LLC v. Adtran, Inc.*, Civ. No. 15-647-SLR, 2016 WL 1650760, at *2 (D. Del. Apr. 25, 2016). Delaware imposes no "unique or unexpected burden" on OmniVision, such that transfer is warranted in the interests of justice. *Scientific Telecomm.*, 2016 WL 1650760, at *2 (explaining that a Delaware corporation cannot successfully argue that Delaware is an inconvenient forum "absent some showing of a unique or unexpected burden."). Therefore, OmniVision's motion to transfer venue should be denied.

### B.     Motion to Dismiss Claims for Indirect Infringement

To establish indirect infringement, a patent owner has available two theories: active inducement of infringement and contributory infringement. *See* 35 U.S.C. § 271(b) & (c). Liability for indirect infringement may arise "if, but only if, [there is] . . . direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961) (emphasis omitted)).

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotations omitted). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011). The knowledge requirement can be met by a showing of either actual knowledge or willful blindness. *See id.* "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and

15

who can almost be said to have actually known the critical facts." *Id.* at 2070-71. "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citations omitted).

To establish contributory infringement, the patent owner must demonstrate the following: (1) an offer to sell, sale, or import; (2) a component or material for use in a patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patents; and (4) the component is not a staple or article suitable for substantial noninfringing use. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)). Defendant "must know 'that the combination for which his component was especially designed was both patented and infringing.'" *Global Tech*, 131 S. Ct. at 2067 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

In support of its motion to dismiss, OmniVision contends that the amended complaint fails to allege the requisite pre-suit knowledge to support a post-suit claim of indirect infringement and, as such, requests that the court dismiss all claims for induced and contributory infringement. (D.I. 20 at 5-6) In the alternative, OmniVision seeks dismissal of the indirect infringement claims to the extent that they seek relief for pre-suit inducement or contributory infringement. (*Id.* at 6-7) In response, Collabo contends that the amended complaint alleges knowledge of the patents-in-suit as of the filing of the complaint, which is sufficient to state a claim for post-suit indirect infringement under the relevant authorities. (D.I. 21 at 1-3) Collabo denies asserting causes of action for pre-suit indirect infringement. (*Id.*)

The case law in this district is divided on the issue of whether pre-suit knowledge is required to sufficiently state a claim for indirect infringement. *See SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) (acknowledging a split of authority within the District of Delaware on this issue). One line of cases holds that the alleged infringer must know of the patent at the time it was committing the allegedly infringing activities, and knowledge as of the date of the suit is insufficient for purposes of pleading the requisite knowledge to state a claim for indirect infringement. *See Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009).

However, a more recent line of cases from this district holds that "the filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement occurring after the filing date." *SoftView*, 2012 WL 3061027, at *7; *see also Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 966 F. Supp. 2d 390, 393 (D. Del. 2013); *Versata Software, Inc. v. Callidus Software Inc.*, 944 F. Supp. 2d 357, 362-63 (D. Del. 2013); *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 573-74 (D. Del. 2012); *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012); *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 WL 941197, at *3-4 (D. Del. Mar. 16, 2011). These cases reason that "an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the patents-in-suit, and a patentee that successfully proves the remaining legal elements of indirect infringement is entitled to recover for any post-filing indirect infringement of those patents." *SoftView*, 2012 WL 3061027, at *7. In *Apeldyn* and *Walker Digital*, the court concluded that a plaintiff may plead actual knowledge of the patents-in-suit as of the filing of the initial complaint to state a cause of action limited to the defendant's

post-litigation conduct, and a defendant's decision to continue its conduct despite knowledge gleaned from the complaint is sufficient to establish the intent element required to state a claim for indirect infringement. *See Apeldyn*, 852 F. Supp. 2d at 573-74; *Walker Digital*, 852 F. Supp. 2d at 565-66. The court confirmed that pre-suit knowledge of the patent must be alleged unless the plaintiff limits its cause of action for indirect infringement to post-litigation conduct. *See id.*

In the present action, Collabo limits its causes of action for indirect infringement to conduct occurring after the initiation of the litigation. (D.I. 14 at ¶¶ 19, 26, 33, 42, 51) (alleging that OmniVision was on notice of each of the patents-in-suit "at least by the filing of the Original Complaint."). In keeping with the most recent decisions of this court, Collabo's post-filing date knowledge of the patents-in-suit is sufficient to state a claim for indirect infringement occurring after service of the complaint. In view of the foregoing authority, I recommend that the court grant-in-part the motion to dismiss to the extent that Collabo's amended complaint could be construed to assert causes of action for indirect infringement based on pre-filing conduct.

## V.     CONCLUSION

For the foregoing reasons, I recommend that the court deny OmniVision's motion to transfer venue (D.I. 8), and grant-in-part OmniVision's motion to dismiss Collabo's claims for indirect infringement, to the extent that those claims assert causes of action for pre-filing conduct (D.I. 19).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right

to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 25, 2017

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE