# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLLABO INNOVATIONS, INC., ) | |
| ) | C.A. No. 16-197-JFB-SRF |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | |
| OMNIVISION TECHNOLOGIES, INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

## LETTER TO THE HONORABLE SHERRY R. FALLON FROM DAVID E. MOORE

OF COUNSEL:

Edward G. Poplawski
Lisa D. Zang
Neil N. Desai
Ty W. Callahan
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Tel: (323) 210-2901

James C. Yoon
Albert Shih
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300

Dated: August 9, 2018
5890469 / 43319

Public Version Dated: August 16, 2018

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant OmniVision Technologies, Inc.*



**Potter Anderson Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner, Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

August 9, 2018
Public Version Dated: August 16, 2018

**VIA ELECTRONIC MAIL**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware      **PUBLIC VERSION**
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

     R:      *Collabo Innovations, Inc. v. OmniVision Technologies, Inc.*,
           **C.A. No. 16-197-JFB-SRF**

Dear Magistrate Judge Fallon:

     Pursuant to the Court's July 25, 2018 Memorandum Order, D.I. 245, OmniVision respectfully submits this response to Collabo's August 8, 2018 letter brief about discovery disputes. OmniVision has satisfied its discovery obligations and fully complied with the Court's July 25, 2018 Order, D.I. 245, ("July 25th Order"). Collabo's letter brief ignores the actual wording of the July 25th Order and OmniVision's compliance with the order. Instead of raising an actual dispute, Collabo's letter improperly seeks irrelevant and sweeping discovery that the Court has already denied. For the reasons below, OmniVision respectfully requests that the Court deny Collabo's requests.

**OmniVision complied with the July 25th Order.**

     The July 25th Order is clear:

> OmniVision shall produce the ▮▮▮ *referenced in Mr. Lu's deposition*, and *documents addressing* ▮▮▮
> ...
> OmniVision shall produce any documents it *relied upon in preparing the proposed stipulation as to which devices have the* ▮▮▮ and shall *supplement its interrogatory response to identify products both having and not having* ▮▮▮ sharing the same micro-lens and color filter with the representative products.
> ...
> Collabo's motion is denied in all other respects.

The Honorable Sherry R. Fallon
August 9, 2018
Page 2

July 25th Order at 10-11 (emphasis added). The table below maps OmniVision's production to the Court's instructions, demonstrating that OmniVision has fully complied with the July 25th Order:

| Instructions from July 25th Order | OmniVision's Production/Disclosure |
|---|---|
| "▓▓▓ referenced in Mr. Lu's deposition" | Mr. Lu's testimony cited in the July 25th Order was in reference to a ▓▓▓ that OmniVision already produced. OmniVision nevertheless conducted a thorough search for all other ▓▓▓ and produced these ▓▓▓ on August 6, 2018. These ▓▓▓ during the ordinary course of business and identify whether OmniVision's products contain the ▓▓▓.[1] |
| "documents addressing ▓▓▓" | OmniVision produced ▓▓▓ and the aforementioned ▓▓▓ which not only identify ▓▓▓ but also identify ▓▓▓. Indeed, these documents form the basis for OmniVision's identification of ▓▓▓ to Collabo. OmniVision does not use other materials ▓▓▓. Although Collabo cited to Mr. Lu's deposition testimony about polymers and acrylic, this testimony was hypothetical and in reference to Mr. Lu's previous employment at ▓▓▓. Mr. Lu did not testify that OmniVision uses, or requests that ▓▓▓ apply, such materials. |
| "documents it relied upon in preparing the proposed stipulation as to which devices have the ▓▓▓" | OmniVision relied on the aforementioned color tables for all previous identifications of whether a product has the ▓▓▓. |
| "supplement its interrogatory response to identify products both having and not having the ▓▓▓ sharing the same micro-lens and color filter with the representative products" | OmniVision supplemented its interrogatory response to summarize its production of device matrixes and color tables to identify not only whether products have the ▓▓▓ but also to identify whether products have the ▓▓▓. |

Thus, Collabo's statement that it "still does not have . . . any underlying documents to demonstrate how OmniVision prepared the proposed stipulation as to which products incorporate ▓▓▓" D.I. 253 at 2, is false.

---

[1] To the extent that Collabo argues that it does not agree with OmniVision's identification of ▓▓▓ in accused products, and thus needs information from third parties ▓▓▓ D.I. 253 at 2-3, the ▓▓▓ OmniVision produced and relied upon to identify the presence of these features in accused products are provided from these third party manufacturers.

The Honorable Sherry R. Fallon
August 9, 2018
Page 3

**Collabo improperly attempts to broaden the scope of the July 25th Order**

In its letter brief, Collabo seeks to rewrite the Court's order to require all the technical documents that it previously requested and that the Court denied and arguing that OmniVision's production does not include such documents. *See* D.I. 253 at 2 (requesting "scanning electron microscope images ('SEM images'), tapeout records, process layer specifications," and "design rules"); *see also id.*, Ex. A, 7/30/18 Wood email to Counsel (requesting all "SEM images, tape out records, specifications, and design rules for each of these products made, used, sold or offered for sale from August 2008 to present as well as the GDS files for these products to the extent not already produced" and "[a]dditional information on the color table and materials constituting an anti-reflective coating" and "documents addressing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (demanding "SEM images, tape out records, specifications, and design rules for each of these products made, used, sold, or offered for sale from August 2008 to present" as within the scope of "any documents it relied upon in preparing the proposed stipulation as to which devices have the ▮▮▮▮▮▮▮▮▮▮' and further demanding that OmniVision "obtain[] ... from its manufacturers" "design rules, SEM, GDS, specifications, or tape out documents"). These documents are the same documents that Collabo requested in prior letter briefs. *See, e.g.*, D.I. 236 at 1 (citing Mr. Dai's deposition testimony about "tapeout forms" and "GDS and mask layers" to support its motion to compel); D.I. 236 at 2 (identifying "New Tape Out"); *id.* (citing deposition testimony concerning "process layer"). As explained above, however, the Court ordered OmniVision to produce only documents that OmniVision relied upon in identifying whether products have the ▮▮▮▮▮▮▮▮▮▮ and any documents addressing materials other than ▮▮▮▮▮▮ in addition to color tables; OmniVision complied with the order.

**OmniVision does not use other materials for anti-reflective coatings**

Collabo misrepresented to the Court that Mr. Lu "testified that he could name at least oxide and acrylic as different films that OmniVision would require its foundry deposit on the micro lenses of its product." D.I. 225 at 2. Collabo also cited to Mr. Lu's discussion of polymer materials. *Id.* at Ex. L (6/7/18 Lu Depo Tr. At 22:8-23, 26:23-25, 41:22-42:3, 54:5-20.) Mr. Lu, however, was testifying as to materials with which he had experience during his prior employment with VisEra as described on his LinkedIn profile, not as to whether OmniVision uses polymer and acrylic materials. *Id.*, 6/7/18 Lu Depo. Tr. at page 19:12-20:12, 23:11-26:3.

Collabo alleges that it is still lacks information about the location of the ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ D.I. 253 at 1 ("However, this response does not confirm whether these materials are <u>on</u> the micro-lens nor does it address any of the <u>other types of transparent films</u> that OmniVision may have used as a transparent film on the micro-lens . . . .") (underlining in original); *id.* at 2 ("The Color Tables . . . do not expressly indicate where on the image sensing device the layer is to be placed."); *id.* ("[T]he interrogatory response still does not provide the information Collabo needs to demonstrate . . . the location of the ▮▮▮▮▮▮▮▮▮ or the location and material makeup of any other transparent films."). Collabo's allegations ignore the ▮▮▮▮ ▮▮▮▮▮▮ within OmniVision's possession that OmniVision produced, which shows the location of the ▮▮▮▮▮▮▮▮▮▮ D.I. 224, OVT_COL_SC 000260. As OmniVision has explained before, and as this Court recognized, Collabo was aware of the ▮▮▮▮▮▮▮▮▮ at least as early as October 13, 2017. But rather than asking the simple question of the location of ▮▮▮▮▮▮▮▮▮▮ and other anti-reflective coatings during the seven depositions of OmniVision's technical witnesses, Collabo largely used these depositions to manufacture

The Honorable Sherry R. Fallon
August 9, 2018
Page 4

discovery disputes. *See* D.I. 237 at 1-2. That Collabo now alleges it lacks information, which is due to its own chosen litigation tactics, demonstrates Collabo is now grasping at straws in a last-ditch attempt to burden OmniVision with additional discovery. Collabo's failures do not justify requiring OmniVision to waste further time and resources. Collabo does not need depositions to learn what it already knows—that OmniVision used color tables to identify ▓▓▓▓ ▓▓▓▓ in accused products.

### Collabo does not present a proper basis for renewing its motion to compel

In denying Collabo's motion to compel OmniVision to obtain documents from third parties, D.I. 136, this Court concluded: (1) "Collabo's own representations reflect that the technical discovery critical to this case is contained in the GDS files, schematics, and design rules, all of which have been produced"; (2) that "[t]he record reflects that OmniVision produced the chip GDS files, the color filtered GDS files, the schematics, the spice documents, the tech documents, and the design documents"; and (3) that "Collabo has made no showing that, in view of the voluminous production already made, the third-party documents are proportional to the needs of the case," considering that the asserted claims contain no method claims. D.I. 209 at 9. Nothing in Collabo's submission or its prior submissions changes the Court's conclusion. Indeed, as explained above, OmniVision based its identification of the ▓▓▓▓ ▓▓▓▓ on ▓▓▓▓ provided to OmniVision in the ordinary course of business. Collabo does not explain why any other information from third parties would provide information different from that found in the color tables or how such other information is otherwise ***relevant***. Thus, Collabo's request for an order compelling OmniVision to obtain documents from third parties is baseless.

### Collabo is improperly requesting additional production of documents duplicative of OmniVision's production

Collabo alleges that it needs GDS files for each accused product allegedly to address other elements of the '180 patent for products having the ▓▓▓▓ Curiously, Collabo appears to ignore that OmniVision has already stipulated to those products having the same lens and color filter configurations as representative products, despite citing the parties' most recent Joint Stipulation Regarding Related Products. D.I. 253 at 3-4 (citing D.I. 138). OmniVision's production of GDS files for the representative products and the stipulation provide Collabo with information about each product's physical layout. No additional production of GDS files is necessary.

### Conclusion

For the foregoing reasons, OmniVision respectfully requests that the Court deny Collabo's request for additional discovery and depositions.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:msb/5890469/43319
cc:  Clerk of Court (via Hand Delivery) (w/encs.)
     Counsel of Record (via Electronic Mail) (w/encs.)