

August 8, 2018

**VIA ELECTRONIC MAIL**

The Honorable Sherry R. Fallon
United States Magistrate Judge
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801-3555

**FILED UNDER SEAL**
**Contains at Least Highly Confidential-**
**Outside Attorneys' Eyes Only Information**

Re:   *Collabo Innovations, Inc. v. OmniVision Technologies, Inc.*, C.A. No. 16-cv-197-JFB-SRF

Dear Judge Fallon,

Plaintiff Collabo Innovations, Inc. ("Collabo") respectfully submits this letter brief pursuant to the Court's Order. D.I. 245.

**Core Technical Documents Still Needed in Fact Discovery:**

Collabo understood the Court's Order as compelling Defendant OmniVision Technologies, Inc. ("OmniVision") to produce a full and complete picture of core technical documents for the '180 Patent. D.I. 245 at ¶ 26. In advance of the deadline for OmniVision's compliance, in an effort to confirm that the parties had a mutual understanding as to what OmniVision would be producing, Collabo reached out to OmniVision. *See* Ex. A at 7/30/18 Wood email. However, in response OmniVision refused to confirm what it would be producing. *See id.* at 7/30/18 Desai email ("The discovery order is a self-contained order that speaks for itself.").

On August 6, 2018 OmniVision produced 939 ▇▇▇▇▇ and a single page document in Chinese which appears to be a purchase order. Further, it served an unverified supplemental response to Interrogatory Number 1 which identifies the presence or absence of ▇▇▇ and ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for 68[1] of the accused products. *See* Ex. B, OmniVision's Third Supp. Obj. and Responses to Plf's First Set of Rogs, (No. 1), at 11-13. However, this response does not confirm whether these materials are <u>on</u> the micro-lens nor does it address any of the <u>other types of transparent films</u> that OmniVision may have used as a transparent film on the micro-lens e.g., On-Chip Multi-Film, Low n flat on ML (D.I. 219, 6/6/18 Afromowitz Dec. at ¶ 18.) or the film's composition e.g., acrylic (D.I. 225 at 2 citing Lu Depo. Tr.), phosphosilicate glass, and borosilicate glass (D.I. 219, 6/6/18 Afromowitz Dec. at ¶ 14.).

Although Collabo is still in the process of reviewing the 939 ▇▇▇▇▇ from its initial review it is apparent that OmniVision failed to comply with the Court order to produce documents in addition to the "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" or "any documents it relied on in preparing the proposed stipulation.

---

[1] OmniVision unilaterally failed to include OV5648 and OV5686 it its response. OmniVision's supplemental response identifies a total of 24 of the currently accused products as without either ▇▇▇▇▇▇▇▇▇▇. Ex. B at 11-14. Thus, bringing the total current number to 26. *Id.*

*See* D.I. 245 at 10. For instance, these documents would include at least the documents to explain the information in the ▮▮▮▮ documents identifying and relating to ▮▮▮▮▮ ▮▮▮▮▮ such as design rules, process layer specifications, and product tape outs, or documents that OmniVision relied upon in preparing the proposed stipulation as to which devices have the ▮▮▮ feature.

Thus, Collabo is still without the documents the Court ordered and the ▮▮▮▮ alone are not definitive proof of whether each of the accused products incorporate a "transparent film on the micro-lens" as set forth in the claims of the '180 patent. As explained by Dr. Afromowitz, process layers, e.g., ▮▮▮▮, may be used in many places in the manufacturing of an image sensing device. *See* D.I. 219, 6/6/18 Afromowitz Dec. at ¶ 15-17. The ▮▮▮▮ indicate that a ▮▮▮ layer is directed to be used, but do not expressly indicate where on the image sensing device the layer is to be placed. *Id.*

Thus, despite the Court's Order, Collabo still does not have the discovery to which it is entitled including evidence to demonstrate infringement for each of the accused products as to the '180 Patent or any underlying documents to demonstrate how OmniVision prepared the proposed stipulation as to which products incorporate a ▮▮▮ layer.

Design rules, scanning electron microscope images ("SEM images"), tape out records, and process layer specifications regarding films to be placed on the micro-lenses for the accused products that have not been produced for the following products:

OG02A1B, OS05A10, OS05A20, OS08A10, OV02718, OV02732, OV02740, OV02742-FBZ, OV02775, OV04686, OV04689, OV05181, OV05580/OV05580-G, OV05648, OV05658, OV05670, OV05680/OV05680-G, OV05686, OV05690/OV05690-G, OV05693, OV06710, OV06946, OV06948, OV07175, OV07240, OV07241, OV07250, OV07251, OV07675, OV07678, OV07698, OV07738, OV07739, OV07740, OV07746, OV07750, OV08830, OV08835, OV08850, OV08858, OV08865/OV08865-G, OV09716, OV09738-ELZ, OV09756, OV09762, OV09772+, OV09773, OV10141, OV10640, OV10642, OV10820, OV12890, OV12A10, OV13358, OV13850, OV13855, OV13858, OV13860, OV13863, OV13870, OV13A10, OV16880, OV16885, OV20880, OV24A10, OV32A10, OVM6946, OX01B40, and OX03A10.

Collabo needs design rules, SEM images, tape out records, and process layer specifications because these records will show the presence, material make-up, and location of process layers that prove both the physical properties of claimed elements (e.g., transparent film) and where those claimed elements are on the accused device (e.g., on the micro lenses). *See* D.I. 219, 6/6/18 Afromowitz Dec. at ¶ 15-17. Collabo needs these records and not just OmniVision's supplemental interrogatory response because OmniVision's supplemental interrogatory response is not evidence. Collabo cannot unilaterally take this response and treat it as a stipulation entered by the Court. And, even if it could, the information contained within the interrogatory response still does not provide the information Collabo needs to demonstrate the limitations of the '180 patent are met, including because it fails to address the location of the ▮▮ ▮▮ layers, or the location and material makeup of any other transparent films. Further, even if OmniVision were to agree to stipulate that each

---

[2] OmniVision also identified ▮▮▮▮▮ within its supplemental interrogatory response as ▮▮▮▮▮, but as with ▮▮▮, it failed to produce any documents supporting documents that would indicate where within the devices this layer is located, *i.e.*, whether or not it is on the micro-lens.

product identified within its interrogatory response as having a ▮▮▮▮ layer contains a transparent film on the micro-lens, Collabo still would be without the ability to confirm whether it agrees with OmniVision as to the 26 accused products it inherently suggests don't contain a transparent film on the micro-lens.

To the extent OmniVision maintains it no longer has design rules, SEM images, tape out records, and specifications regarding films to be placed on the micro-lenses, these are available to OmniVision from its third-party manufactures. *See* D.I. 229 at Ex. R, 6/8/18 Tr. of Chenwei Lu at 89:7–90:7 (admitting that ▮▮▮▮ D.I. 229 Ex. Q, 6/7/18 Lu Tr. at 67:21-25 (OmniVision and foundries share ▮▮▮▮ and 69:22-70:23 (OmniVision and foundries ▮▮▮▮

The issue of OmniVision's ability to obtain these core technical documents was previously considered by the Court. Within its May 17, 2018 Order, the Court denied without prejudice to renew Plaintiff's motion to compel Defendant to obtain core technical documents from TSMC and VisEra. *See* D.I. 209 at 9. Further, it acknowledged OmniVision's legal right and control over the documents sought and expressly kept open the opportunity for Collabo to renew its request for relief "[s]hould Collabo be unable to obtain production directly from third parties." *Id.* at ¶¶ 11-17, 20.

Plaintiff has sought the core technical documents directly from TSMC and VisEra through subpoena to U.S. subsidiaries within the U.S. subpoena power and letters rogatory, but to no avail.[3] Attached as Exhibit C is a chart identifying those manufactures, whether they have U.S. affiliates, and an explanation of what they produced, if anything.[4] As demonstrated herein, including in the declarations of TSMC NA (Exhibit D) and Toppan Photomasks Inc. (Exhibit E), the affiliates of the third-party manufacturers are not involved in manufacturing OmniVision's CMOS image sensors and either have no information (Toppan) or the limited information they do possess (TSMC NA) is insufficient ▮▮▮▮ *See also* Ex. F.

As illustrated in Exhibit C, Collabo has fully endeavored, but was ultimately unable to obtain production of the technical documents it requested the Court compel OmniVision to obtain from its manufacturers because the affiliates of these third-parties subject to the subpoena power in the U.S. simply do not have these documents. Thus, to the extent that OmniVision claims or maintains its claims that it does not have the core technical documents identified herein, Collabo still needs these documents and re-urges the Court to compel OmniVision to obtain them from TSMC and VisEra.

Additionally, many of the products identified as having a ▮▮▮▮ layer or other transparent film are not part of the stipulation. D.I. 138. Thus, Collabo requires the GDS files for each of these products in order to address the other elements of the claims of the '180 patent. These products include the following:

---

[3] Collabo is still pursuing its letters rogatory request to VisEra. However, despite Collabo's efforts, VisEra has not contacted or otherwise responded to Collabo's request. It is expected that this process will take at least six months and even then, there is no requirement for VisEra to cooperate since Taiwan is not a signatory to the Hague Convention and the Courts of Taiwan are not required to accommodate Collabo's requests. *See* D.I. 139 at 4 and D.I. 140.

[4] This list is based upon OmniVision's identification of its manufacturers in response to Collabo's Interrogatory Number 15. *See* Ex G, OmniVision's Supp. Obj. and Responses to Plf's Second Set of Rogs, (Nos. 6-9,11-12, 15) dated 10/10/17, at 19-22 (highlighted).

OG02A1B, OS05A10, OS05A20, OS08A10, OV02718, OV02732, OV02740, OV02742-FBZ, OV02775, OV04686, OV04689, OV05648, OV05658, OV05670, OV05686, OV06946, OV06948, OV07251, OV07738, OV08830, OV08835, OV08850, OV08858, OV09716, OV09738-ELZ, OV09756, OV09762, OV09772+, OV09773, OV10141, OV10640, OV10642, OV10820, OV12A10, OV12890, OV13358, OV13850, OV13855, OV13858, OV13860, OV13863, OV13870, OV13A10, OV16880, OV16885, OV20880, OV24A10, OV32A10, OVM6946, OX01B40, and OX03A10.

Further, OmniVision needs to complete its production of core technical documents reflecting the physical layouts for the accused products and reasonably similar products. This discovery is directly relevant to demonstrating the light-receiving/photodiode element within each of the asserted patents, the floating diffusion elements within the '895, '026, and '880 Patents, and the active region element within the '026 and '880 Patents. *See* Ex. H, 7/10/18 Kliewer Ltr to Dai at 2 (highlighted).[5] Specifically, based upon the discovery provided by OmniVision, Collabo understands that OmniVision ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉ *Id.* OmniVision has produced some but not all of this within discovery, for example OmniVision's ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Therefore, Collabo requests that OmniVision complete it production of documents disclosing the ▉▉▉▉▉▉▉▉▉ information for the accused products and reasonably similar products.

Additionally, Collabo requests the production of the testing and simulations of the accused products and those products that are similar to them. Ex. H, 7/10/18 Kliewer Ltr to Dai at 3-4 (highlighted). This goes directly to OmniVision's infringing use in the United States.

### Depositions:

Additionally, Collabo needs to obtain testimony from OmniVision's witnesses. For example, Collabo needs to explore, through deposition testimony, how OmniVision was able to ascertain the information within its supplemental interrogatory response regarding ▉▉▉▉▉▉, whether other transparent layers were excluded, how these layers were determined to exist, and what documents demonstrate this. Further, for the ▉▉▉▉ and the documents which OmniVision still needs to produce to comply with the Court's Order, D.I. 245, Collabo needs the opportunity to examine these witnesses to verify what these documents show and to confirm how the witness is able to make that determination. For example, if the witness testifies that the documents do not show a transparent film on the micro-lens, Collabo is entitled to an explanation as to how the witness has made that determination.

### Conclusion

The requested core technical documents and further deposition testimony of OmniVision's witnesses is warranted as outlined within the concurrently submitted Proposed Order.

---

[5] OmniVision refused to response or agree to meet and confer on these issues. Collabo respectfully requests that OmniVision be ordered to promptly respond and engage in the meet and confer process when requested by Collabo.

Respectfully submitted,
/s/ Brian E. Farnan
Brian E. Farnan

cc: Counsel of Record (via E-mail)